**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

---

No. 25-11363

Non-Argument Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RAFAEL SANCHEZ-DE LA ROSA,
   a.k.a. Rafael Sanchez Delarosa,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:24-cr-00112-TKW-1

---

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Rafael Sanchez-de la Rosa appeals his sentence of imprisonment for illegal reentry after removal. 8 U.S.C. § 1326(a), (b)(1). He contends that the district court plainly erred in applying a six-level enhancement for a conviction for driving under the influence, U.S.S.G. § 2L1.2(b)(3), and he argues that his prison sentence of 46 months is substantively unreasonable. We affirm.

## I. BACKGROUND

Sanchez-de la Rosa, a citizen of Mexico, was removed from the United States in December 2017 and again in May 2018. In May 2024, he was arrested in Florida for driving under the influence. Because this arrest marked his third conviction for driving under the influence within ten years—following felony and misdemeanor convictions before his first removal—the 2024 offense was prosecuted as a felony under Florida law.

Sanchez-de la Rosa pleaded guilty in the district court to illegal reentry after removal. 8 U.S.C. § 1326(a), (b)(1). His presentence investigation report calculated a base offense level of eight, United States Sentencing Guidelines Manual § 1B1.11 (Nov. 2024), an eight-level enhancement for a felony conviction for driving under the influence in 2016 that he received *before* he was ordered removed, *id.* § 2L1.2(b)(2)(B), a six-level enhancement for a second felony conviction for driving under the influence in 2024 that he received *after* he was ordered removed, *id.* § 2L1.2(b)(3)(C), and a three-level reduction for acceptance of the responsibility, *id.* § 3E1.1(a), (b), for a total offense level of 19, *id.* ch. 5, pt. A, cmt. n.2. The report calculated a criminal history category of IV based

on eight criminal history points for three convictions for driving under the influence. With an offense level of 19 and a criminal history category of IV, Sanchez-de la Rosa's guideline range was 46 to 57 months of imprisonment. The statutory maximum was 120 months of imprisonment. *See* 8 U.S.C. § 1326(a), (b)(1). Sanchez-de la Rosa did not object to the six-level enhancement.

At sentencing, the district court confirmed the guideline calculation and heard Sanchez-de la Rosa's request for a downward variance. It declined to vary and explained that it was "struggling to see anything" that warranted a sentence outside the guideline range. It considered Sanchez-de la Rosa's mitigating evidence but found that the aggravating evidence—his multiple convictions for driving under the influence—was a "huge issue" and stated that driving impaired was an "extremely dangerous crime" that "kills people." The district court explained that Sanchez-de la Rosa had previously injured someone while driving impaired and that prior sentences had not deterred him. The district court imposed a sentence of 46 months of imprisonment, followed by three years of supervised release.

## II. STANDARDS OF REVIEW

Two standards govern our review. First, we review a challenge to a sentencing enhancement raised for the first time on appeal for plain error. *United States v. Cenephat*, 115 F.4th 1359, 1368 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 1340 (2025). Plain error occurs when there is "an error," that is "plain," that has "affected the defendant's substantial rights," and which "seriously affects the

fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration adopted) (citation and internal quotation marks omitted). "For an error to be plain, the issue must be specifically resolved by the operative text or by precedent from this Court or the Supreme Court." *Id.* Second, we review the reasonableness of a sentence for abuse of discretion. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). A district court abuses its discretion when it "fails to afford consideration" to statutory sentencing factors that were "due significant weight," "gives significant weight to an improper or irrelevant factor," or "commits a clear error of judgment in considering the proper factors." *Id.* (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)).

### III. DISCUSSION

The Sentencing Guidelines impose a six-level sentencing enhancement "[i]f, after the defendant was ordered deported or ordered removed from the United States for the first time," he "engaged in criminal conduct that, at any time, resulted in" a "conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed exceeded one year and one month." U.S.S.G. § 2L1.2(b)(3)(C). The commentary provides that, "[f]or purposes of subsections (b)(2) and (b)(3)," when the criminal conduct underlying a prior conviction "occurred both before and after the defendant was ordered deported or ordered removed from the United States for the first time," a district court should count the conviction "only under subsection (b)(2)." *Id.* § 2L1.2 comment. (n.5).

Sanchez-de la Rosa argues that the district court erred because the commentary states that when criminal conduct underlying a conviction occurred "both before and after" the first removal, it should be counted under a different subsection. He contends that because his 2024 felony conviction for driving under the influence depended on pre-removal criminal conduct—his earlier convictions for driving under the influence—the "conduct" for the 2024 felony conviction occurred, in part, before his removal. The government responds that there was no error because the "criminal conduct" was the 2024 act of driving under the influence, which took place *after* Sanchez-de la Rosa was ordered removed. In any event, the government contends that any error is not "plain." We agree with the government.

No plain error occurred. The text of the guideline suggests that "criminal conduct" likely refers only to the recidivist-enhanced offense itself, not the conduct that led to the prior conviction, and Sanchez-de la Rosa points to no binding precedent from this Court or the Supreme Court that forbids using a recidivist-enhanced felony for the enhancement under section 2L1.2(b)(3)(C).

Sanchez-de la Rosa's 46-month sentence is substantively reasonable. The district court considered the statutory sentencing factors and determined that a sentence at the bottom of the guideline range was necessary to address Sanchez-de la Rosa's persistent history of impaired driving. *See* 18 U.S.C. § 3553(a). As the district court explained, driving while impaired is a "huge issue" that "kills people," and Sanchez-de la Rosa had previously injured another

person while driving impaired. Because Sanchez-de la Rosa's prior sentences failed to deter him, the district court reasonably concluded that a sentence of 46 months of imprisonment was necessary to protect the public. That sentence also fell well below the 120-month statutory maximum. *See* 8 U.S.C. § 1326(a), (b)(1); *United States v. Sotelo*, 130 F.4th 1229, 1245 (11th Cir. 2025).

## IV. CONCLUSION

We **AFFIRM** Sanchez-de la Rosa's sentence.